[Civ. No. 1278.   Third Appellate District.—May 26, 1916.]

## JOE SMITH, Appellant, v. A. M. REIS, Respondent.

ACTION TO ESTABLISH INTEREST IN STALLION—CONFLICTING EVIDENCE— FINDINGS CONCLUSIVE.—In an action to recover one-half of the proceeds on the sale of a stallion, plaintiff claiming to have been a tenant in common with the defendant of the stallion, where the evidence is conflicting and defendant's testimony, if believed by the court, was sufficient to sustain a finding in his favor, it will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

E. S. Bell, for Appellant.

L. G. Harrier, and Harlow V. Greenwood, for Respondent.

ELLISON, J., *pro tem.*—The plaintiff alleges in his complaint that on a certain day he and the defendant were the owners as tenants in common of a certain stallion named.

He alleges that defendant has sold the stallion for one thousand five hundred dollars and has not accounted to him for any part thereof, and asks judgment against him for $750.

The defendant, by his answer, denies that plaintiff ever owned any interest in the stallion and alleges that he was the sole owner thereof.

The court found that plaintiff was not, and never had been, the owner of any interest in the stallion, and made findings and judgment in favor of the defendant.

The appeal is taken solely on the ground that the evidence is insufficient to support the findings.

It appears that the plaintiff and defendant are both Portuguese, and do not express themselves clearly in our language, and hence the testimony is somewhat involved. It is gathered from the record that the plaintiff's testimony was to the effect that defendant agreed with him that if he would pay certain expenses that had been incurred in the care and keeping of the horse, amounting to some seventy dollars the horse was to be his. He paid these expenses and thereby became the owner of the horse but, subsequently, agreed with the defendant that if he would pay plaintiff $115, the amount that had been paid out by plaintiff on account of the horse, then when the horse was sold defendant was to have one-half of the price he might be sold for.

The defendant gives an entirely different version of the whole transaction. He testifies he never sold the plaintiff any interest in the stallion; that plaintiff, as a friend, did pay certain bills due for the care and keep of the horse, but that all this was paid back to him. Without setting out his testimony, it is sufficient to say that if believed by the trial court it was entirely sufficient to justify the finding made. The court may well have considered the improbabilities of the plaintiff's statement that defendant sold him a stallion for seventy dollars, which, if not worth it, he claims was afterward sold for one thousand five hundred dollars. The trial court, in summing up the case, said: "It seems to me that Mr. Reis has made a statement that is clear. I see no reason to doubt it; and there are some things in the other statement that do not seem clear."

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.